10-3642 (L)
Chen v. Holder

BIA
Hom, IJ
A089 249 852

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand twelve.

PRESENT:
>    DENNIS JACOBS,
>         *Chief Judge,*
>    JON O. NEWMAN,
>    PIERRE N. LEVAL,
>         *Circuit Judges.*

_____

MENGJUN CHEN,
>    *Petitioner,*

>    v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

10-3642 (L)
11-1511 (Con)
NAC

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Richard M. Evans, Assistant

05212012-27

**Director; Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Mengjun Chen seeks review of: (1) an August 13, 2010, decision of the BIA affirming the January 20, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture, *In re Mengjun Chen*, No. A089 249 852 (B.I.A. Aug. 13, 2010), *aff'g* No. A089 249 852 (Immig. Ct. N.Y. City Jan. 20, 2009); and (2) a March 28, 2011, decision of the BIA denying her motion to reopen, *In re Mengjun Chen*, No. A089 249 852 (B.I.A. Mar. 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

05212012-27

2

Chen, a native and citizen of the People's Republic of China, sought relief from removal based on her claim that she fears persecution because has had more than one child in the United States, which they contend is in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's denial of her application for relief. *See id.* at 158-72.

Chen's motion to reopen was based on her claim that she fears persecution in China based on her recent religious conversion. Contrary to Chen's contention, there is no indication that the BIA applied a standard other than the *prima facie* standard in denying her motion to reopen. *See id.* at 168. Furthermore, the BIA did not err in finding that Chen failed to demonstrate her *prima facie* eligibility for relief based on her religion. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, Chen's motion for a stay of removal in connection with this petition is DENIED as moot. Any pending request for oral argument in this

petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk